JAMES F. McKINNEY et al., trustees, &c., complainants-respondents,

*v.*

HERBERT H. MUIR, defendant-appellant.

[Submitted October term, 1945. Decided March 5th, 1946.]

*Mr. J. Bernard Saltzman* and *Mr. Samuel Rosenblatt,* for the appellant.

*Mr. William J. Morrison, Jr.,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

This is a vendor's suit for specific performance of a contract to purchase real estate. The purchaser refused to complete the purchase on the ground that the deed tendered did not include all the land contracted to be conveyed, but omitted a strip about ten feet wide and about 187 feet in depth on the northeasterly side of a tract approximately five-eighths of an acre in area. This ten-foot strip constituted a driveway of the adjoining property on the north, owned by another party, and led to the stable or garage at the rear of that property. It was bounded on the southerly side by a thick hedge on vendor's property, over six feet high, judging from photographs in evidence. This hedge extended to the rear

line of the property, about 187 feet. At the street end was a surveyor's stone monument.

We conclude that the decree under review should be affirmed.

It is a familiar rule, laid down in a multitude of decisions, that courses and distances are controlled by fixed monuments. That rule is stated in a plenitude of our reported cases, and in *Scheinman* v. *Bloch, 97 N. J. Law 404* (at *pp. 407-8*), was characterized as "elementary." The opinion in that case was adopted by this court, *98 N. J. Law 571.*

In the light of that rule, we turn to the description contained in the contract. It begins "at a stone monument set in the southerly side of Lake Drive at the fifth angle westerly from Midvale Road." That monument is definitely located both on the seller's survey, *Exhibit C-7,* and on the buyer's survey, *Exhibit D-19.* It marks a slight change of direction in the frontage. The first course runs "along the southerly side of Lake Drive north 42 degrees 44 minutes east, seventy-five and 9/10 feet to a stone monument." It appeared that at the time when defendant inspected the property and when the contract was made, there was no monument of any kind at 75 9/10 feet from the beginning, but there was a stone surveyor's monument at 65 feet and a fraction, in plain sight, and at the front end of the hedge already mentioned, as shown by a photograph in evidence. The uncontradicted evidence was that this hedge marked the then existing property line of the premises "now known as No. 138 Lake Drive, Mountain Lakes, N. J.," as recited at the end of the description in the contract. The defendant himself testified on cross-examination that he did not think he was buying any of the adjoining "Bullwinkle" property. In fact, the property was clearly identified in the contract itself by the recital "Premises being now known as No. 138 Lake Drive, Mountain Lakes, N. J.," and that recital, as the Vice-Chancellor properly held, negatived the inclusion of the driveway as part of the property intended to be conveyed. The maxim *"falsa demonstratio non nocet"* seems plainly applicable. The deed as tendered, and which carried the first course sixty-five and nine-tenths feet to the stone monument at the end of

the hedge, conveyed a good title to the property known as 138 Lake Drive, which was what defendant agreed to buy, and which was plainly marked on the ground by visible monuments.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, OLIPHANT, RAFFERTY, DILL, JJ. 9.

*For reversal*—CASE, COLIE, WELLS, FREUND, MCGEEHAN, JJ. 5.